The factual allegations of the bill of complaint disclose that pursuant to an oral agreement, the complainant on April 13th, 1944, executed and delivered to the defendants a deed conveying to them certain real estate known as No. 121 Firth Street, in the Borough of South Plainfield, and concurrently the complainant also executed and delivered to the defendants a bill of sale transferring to them certain household furniture and personal property located on the premises. The defendants forthwith recorded the deed in the office of the county clerk and immediately assumed and have since retained actual possession of the real and personal property.
The bill alleges that the consummations of the sales in performance of the agreement caused the defendants to be indebted to the complainant in the sum of $5,369.13 declared to be the balance of the stipulated purchase price of the real estate and in the further sum of $1,379.38 represented to be the reasonable value of the personal property. The complainant seeks a decree imposing a vendor's lien for the stated sums with interest and costs "upon the said lands and premises and furniture and personal property, in favor of the complainant * * *."
The motion challenges the sufficiency of the bill and accordingly rests upon the insistence that the bill is destitute of any meritorious claim for equitable aid notwithstanding the factual occurrences therein alleged. Recognizing the inappropriate features of the prayer, is the bill to be regarded as positively inert? *Page 418 
The only point that I have deemed worthy of some comment is whether the usual rule denying a lien where realty and personalty are sold in one transaction for a gross consideration is applicable to the circumstances alleged in the present cause. I think not.
The two major factors energizing that rule are (a) the presumed intention of the vendor to waive the lien and to rely upon the personal responsibility of the vendee, and (b) the inability to determine the portion of the gross consideration attributable to the sale of the land.
A vendor's lien is essentially an equity having a theoretical resemblance to a constructive trust. The propriety of its existence depends upon the circumstances of the transaction. Where, as here, there were coincident sales of realty and personalty, but it was agreed that a definite price should be paid for the realty and another extraneous sum capable of independent ascertainment should be paid for the personal property, no satisfactory reason is perceptible for the denial of a vendor's lien upon the realty for the price exclusively affiliated with its purchase, merely because of the concurrence and co-adaptation of the two transactions. An intention of the complainant to waive the lien is not manifest on the face of the bill.
Other grounds proposed in support of the motion are not persuasive. The motion is denied. *Page 419